**In the Interest of D.P.P.**

**No. ED 96324.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 6, 2011.

---

John W. Peel, Saint Louis, MO, For Appellant.

Tammy Steward, Farmington, MO, For Respondent.

## *OPINION*

GLENN A. NORTON, J.

Denise Wilcox ("Mother") appeals the judgment terminating her parental rights to D.P.P. We reverse and remand.

## I. BACKGROUND

On September 27, 2002, D.P.P. was born to Mother and Richard Pierce ("Father"). As a result of domestic violence between Mother and Father, D.P.P. was first placed in protective custody of the Children's Division in August 2005. After unsuccessful trial home placements with Mother, D.P.P. was placed in protective custody for the last time in April 2010.

On December 3, 2010, the Juvenile Officer of St. Francois County filed a petition for termination of parental rights alleging Mother was unfit to be a party to the parent-child relationship under section 211.447.5(6) RSMo 2010[1]. Mother was served with this petition on December 8, 2010, along with a notice of her rights. Included in the notice of rights was the following:

> You have the right to have an attorney present to assist you at all Court hearings, or you may waive your right to an attorney. If you do desire to be represented by an attorney, you should begin now to obtain his services. If you cannot afford to pay an attorney and you wish to have an attorney to represent you, the Court has the power to appoint an attorney to represent you, without charge. However, in the event the Court does appoint counsel for you, the Court may, after notice and hearing, order you to make reimbursement for all or part of the cost of representation. You should make known to the Court your desire to have an attorney appointed for you.

In response to the Juvenile Officer's petition, Mother filed an application with the court on January 14, 2011, which stated that she was unable to afford an attorney and requested appointment of an attorney at no cost to her. Along with her request for an attorney, Mother submitted an income and expense statement which showed she had a monthly income of $600 and monthly expenses totaling $674. This statement also showed Mother's 2009 income, as reported to the I.R.S., to be $7,118. Mother also submitted a financial statement which showed she had a checking account balance of $41, ownership of a 2002 Ford Explorer valued at $5,000 with a lien against it in the amount of $8,700, and unpaid attorney's fees totaling $5,000.

On January 18, 2011, without holding a hearing, the trial court entered an order noting Mother's request for appointed counsel, finding Mother not to be indigent, denying Mother's request, and setting the hearing for termination of parental rights for January 24, 2011. Mother appeared at the hearing pro se, gave testimony, and cross-examined witnesses. The trial court entered judgment on January 27, 2011, terminating Mother's parental rights. The trial court found Mother was unfit to be a party to the parent-child relationship under section 211.447.5(6) and found termination was in the best interests of D.P.P. Mother appeals.

## II. DISCUSSION

Mother asserts three points on appeal. In her first point on appeal, she claims the trial court erred in denying her request for appointed counsel pursuant to section 211.462.2. In her second point on appeal, she claims there was insufficient evidence to support the trial court's finding that she was unfit to be a party to the parent-child relationship pursuant to section 211.447.5(6). In her final point on appeal, Mother claims the trial court erred in finding termination of her parental rights was in the best interests of D.P.P.

1. Unless otherwise indicated, all further statutory references are to RSMo 2010.

## A. Standard of Review

A trial court's termination of parental rights is an exercise of an "awesome power" which we will review closely. *In re C.F.*, 340 S.W.3d 296, 298 (Mo.App. E.D. 2011). Accordingly, statutes providing for the termination of parental rights "are strictly construed in favor of the parent and preservation of the natural parent-child relationship." *Id.* (quoting *In re K.A.W.*, 133 S.W.3d 1, 12 (Mo. banc 2004)). We will affirm a trial court's judgment terminating parental rights unless no substantial evidence supports it, it is contrary to the weight of the evidence, or it erroneously declares or applies the law. *Id.*

## B. Mother was Entitled to Court–Appointed Counsel

In her first point on appeal, Mother claims the trial court erred in failing to appoint her counsel pursuant to section 211.462.2. Mother argues that the trial court was required to appoint her an attorney because she requested an attorney and showed an inability to employ an attorney through her own financial resources.

The statutory right to counsel in termination hearings is found in section 211.462.2. Section 211.462.2 states that "[t]he parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel *shall* be appointed by the court." (emphasis added). Because of the importance of proceedings to terminate parental rights, we strictly apply the terms of section 211.462.2. *In re J.S.W.*, 295 S.W.3d 877, 880 (Mo.App. E.D.2009). Although section 211.462.2 does not establish an absolute right to counsel in termination of parental rights hearings, "it requires a court to appoint counsel when the parent: (1) requests court-appointed counsel; and (2) demonstrates that he or she is indigent and financially unable to employ counsel." *Id.* If a parent requests a court-appointed attorney and demonstrates an inability to employ counsel, a trial court commits reversible error when it fails to appoint counsel or obtain an affirmative waiver. *Id.*

Here, Mother clearly requested a court-appointed attorney. Her application to the court stated that she was unable to afford an attorney and requested appointment of an attorney at no cost to her. Without holding a hearing on the issue, the trial court summarily rejected her request, finding that Mother was not indigent. No reason was given to support the finding. The Department of Social Services has promulgated 13 Code of State Regulations 40–30.020(1) (2003) explaining when representation should be provided in termination of parental rights cases:

> Representation shall be provided for financially eligible persons. A person is considered financially eligible when it appears from all of the circumstances of the case including the person's income, the number of individuals dependent on the person for support, and the person's financial assets and liabilities, that the person does not have the means available to obtain counsel and is indigent.

The only evidence on the record for the trial court to base its determination of whether Mother was indigent consisted of Mother's income and expense statement and her financial statement. Mother's income and expense statement showed that her 2009 income, as reported to the I.R.S., was $7,118. It also showed that Mother had a monthly income of $600 and monthly expenses of $674. Mother's financial statement showed she had a checking account balance of $41, a Ford Explorer worth $3,700 less than the amount Mother owed on the vehicle, and unpaid attorney's fees in the amount of $5,000. We find that

this evidence collectively demonstrates that Mother did not have the means available to obtain counsel and was indigent. Accordingly, the trial court's finding that Mother was not indigent is not supported by substantial evidence.

■■ Our analysis does not end there, however. Although Mother requested counsel and demonstrated her inability to employ counsel, we must also determine whether the trial court obtained an affirmative waiver of Mother's right to counsel. "A parent must make a clear and unequivocal waiver on the record of his or her decision to proceed to trial without a court appointed attorney." *In re J.S.W.*, 295 S.W.3d at 881 (quoting *B.L.E. v. Elmore*, 723 S.W.2d 917, 920 (Mo.App. W.D.1987)). Here, after her request for counsel was denied, Mother appeared at the hearing pro se, testified, and cross-examined witnesses. "The Missouri legislature has set by [section 211.462.2][2] the right of an indigent parent to have court appointed counsel in a parental termination case—that due process right may not be waived by merely showing up for court and proceeding to trial." *B.L.E.*, 723 S.W.2d at 920; *see also In re N.S.*, 77 S.W.3d 655, 657–58 (Mo.App. E.D.2002) (finding no voluntary waiver of father's right to counsel under section 211.211.4 when, after the court denied his request for appointed counsel, father proceeded with the action and continued to represent himself). Accordingly, the record contains no evidence that Mother clearly and unequivocally waived her right to counsel.

■ Because Mother requested a court-appointed attorney and demonstrated an inability to employ counsel, the trial court committed reversible error by failing to appoint counsel or obtain an affirmative waiver. *See In re J.S.W., supra* at 880. Point one is granted.[3]

### III. CONCLUSION

The judgment terminating Mother's parental rights to D.P.P. is reversed and the cause is remanded for proceedings consistent with this opinion.

KURT S. ODENWALD, C.J. and SHERRI B. SULLIVAN, J., concur.

---

2. The court in *B.L.E.* was considering section 211.462.2 RSMo Supp.1978. The language of the 1978 version of the statute is substantially similar to the version at issue in the present case.

3. As Mother's point alleging that the trial court erred in failing to appoint counsel is dispositive of this appeal, it is unnecessary for us to address her other points relied on.