

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel. )  *Opinion issued February 26, 2019*
JERRY CULLEN, )
)
Relator, )
)
v. ) No.  SC97008
)
THE HONORABLE KEVIN D. )
HARRELL, )
)
Respondent. )

### ORIGINAL PROCEEDING IN PROHIBITION

Jerry Cullen ("Husband") seeks a writ to prohibit the circuit court from enforcing its order compelling him to turn over all correspondence pertaining to his military retirement benefits and to sign an authorization releasing his military records related to the reservist points he earned during his marriage to Janice Scroggins ("Wife").  Husband characterizes the circuit court's order as a modification of its prior dissolution judgment and claims the circuit court exceeded its authority by entering an order sustaining Wife's motion to compel because the order was entered beyond the one-year time limitation for filing a Rule 74.06 motion for relief from a judgment due to mistake.  Husband also asserts Wife's motion to compel was barred by collateral estoppel and res judicata.  Husband further claims his due process rights and privacy rights under the Health Insurance

Portability and Accountability Act ("HIPAA") were violated when the circuit court entered an overly broad order sustaining Wife's motion without a hearing.

This Court holds Husband failed to establish the circuit court acted in excess of its authority when it sustained Wife's motion to compel. Contrary to Husband's claims, the circuit court's order did not modify or otherwise grant Wife any relief from the division of property in the parties' dissolution judgment. Rather, in ordering Husband to turn over and authorize release of any documents relating to his military retirement benefits, the circuit court was exercising its inherent authority to make proper orders such as are necessary to effectuate its dissolution judgment awarding Wife of half of the marital portion of Husband's military retirement benefits. Accordingly, the circuit court's order was not governed by the one-year time limitation in Rule 74.06(c) and was not barred under the doctrines of collateral estoppel or res judicata.

Furthermore, the circuit court's order did not violate Husband's due process rights or privacy rights under HIPAA. Despite Husband's assertions, he had an opportunity to respond to Wife's motion to compel and the authorization he was required to sign was not overly broad. Rather, the authorization restricts the documents to be released to those related to or arising out of the total number of reservist points Husband earned during the parties' marriage. Husband, therefore, fails to prove the circuit court acted in excess of its authority. The preliminary writ is quashed.

## Factual and Procedural History

In 1985, Husband and Wife were married. During the marriage, Husband served in the United Stated Air Force Reserves. In 2007, Wife filed for divorce.

2

Husband and Wife subsequently entered into the Marital Settlement Agreement. As part of the Marital Settlement Agreement, Wife was to receive half of Husband's military retirement benefits from the date of the parties' marriage through and including the date of the dissolution judgment. The agreement provided the following formula for calculating Wife's share of Husband's military retirement benefits:

$$\text{Wife's share of benefits} = \frac{1}{2} \times \text{Husband's monthly benefits as and when received} \times \frac{\text{\# of years of Husband's credited service during the marriage}}{\text{\# of years of Husband's credited service at retirement}}$$

The agreement further required the parties to deliver and "execute any and all documents necessary to carry out the provisions of this Agreement."

On April 28, 2009, the circuit court entered its judgment for dissolution of marriage. In its judgment, the circuit court approved the Marital Settlement Agreement and ordered the parties "to perform and abide by the terms of said Agreement, as the provisions of that Agreement represent the Judgment of the Court."[1] The judgment further required the parties to "execute all deeds, titles, endorsements, assignments, or such other documents as may [be] deem[ed] necessary to effectuate the division and transfer of the property and debt as agreed to and affirmed by this Judgment."

In 2013, Wife filed a motion to amend, set aside, vacate, or grant other relief from the dissolution judgment pursuant to Rule 74.06(a). In her motion, Wife alleged she

---

[1] The circuit court expressly stated in its dissolution judgment that the provisions of the Marital Settlement Agreement represent the judgment of the court. At the request of the parties, however, it did not restate the provisions of the agreement in the judgment except for the waiver of maintenance and the parenting plan.

3

submitted an application to the Defense Finance and Accounting Service ("DFAS") to receive half of Husband's military retirement benefits but was advised the parties utilized the wrong formula in the Marital Settlement Agreement. She was further informed the formula utilized in the Marital Settlement Agreement was for persons retiring from active military duty, as opposed to reserve or guard members. DFAS further informed Wife the correct formula for reservist retirement includes the total points earned by the reservist. Wife asked for the circuit court to modify the formula set out in the Marital Settlement Agreement to enable her to receive her share of Husband's retirement benefits.

On August 6, 2014, the circuit court entered its Judgment and Order Clarifying Marital Settlement Agreement. The circuit court found Wife's percentage of Husband's retirement benefits should be calculated pursuant to the following formula:

Wife's share of benefits $= \frac{1}{2} \times$ Husband's monthly benefits as and when received $\times \dfrac{\text{\# reservist points earned by Husband during the marriage}}{\text{\# of total reservist points earned by Husband}}$

The Judgment and Order Clarifying Marital Settlement Agreement further stated Husband earned 2,134 retirement points during the parties' marriage.

On December 7, 2017, Wife filed a motion to compel Husband to provide her with any and all correspondence sent to him related to or arising out of the total number of reservist points he earned during the parties' marriage and to sign authorizations releasing his military records pertaining to the reservist points he earned during their marriage. In her suggestions in support of the motion, Wife detailed the steps she allegedly took to receive her percentage of Husband's military retirement benefits and, how, in the process,

4

she had come to believe the 2,134 figure in the Judgment and Order Clarifying Marital Settlement Agreement incorrectly reflects the number of reservist points Husband earned during their marriage. Wife further alleged she attempted to obtain the information from Husband, who would not comply with her requests. She also asserted she was entitled to the information under the Marital Settlement Agreement because it requires the parties to deliver and execute all documents necessary to carry out the agreement.

Husband filed a motion to dismiss Wife's motion for failure to state a cause of action for which relief can be granted. In his motion, Husband asserted Wife's motion was barred because it was not filed within the one-year time period set out in Rule 74.06(c) for relief from a judgment.

On January 10, 2018, the circuit court overruled Husband's motion to dismiss and sustained Wife's motion to compel. In its order, the circuit court found that, pursuant to its 2009 dissolution judgment and the Marital Settlement Agreement, Husband was required to execute any and all documents necessary to carry out the provisions of the Marital Settlement Agreement. The circuit court then detailed the steps Wife had taken in attempting to receive her half of Husband's military retirement benefits earned during the marriage. It then ordered Husband to deliver to Wife all correspondence sent to him related to his military retirement pay and required Husband to execute an authorization releasing his military records to Wife's counsel. The authorization requires Husband to release all files in the possession of the United States Air Force relating to or arising out of the number of reservist points Husband earned during the parties' marriage.

5

Husband subsequently filed a motion to set aside the order, asserting the order was beyond the circuit court's jurisdiction.  Husband further contended the order violated his right to privacy and is void under HIPAA.  The circuit court overruled Husband's motion.

Husband then sought a writ of prohibition from this Court prohibiting the circuit court from enforcing its order compelling him to turn over all correspondence related to the number of reservist point he earned during the parties' marriage.  This Court issued a preliminary writ of prohibition. Mo. Const. art. V, sec. 4.

## Standard of Review

A writ of prohibition is an extraordinary, discretionary remedy.  *State ex rel. Church & Dwight Co. v. Collins*, 543 S.W.3d 22, 25 (Mo. banc 2018).  This Court issues a writ of prohibition:

> (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Mo. Pub. Def. Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009).  The relator has the burden of establishing the circuit court acted in excess of its authority.  *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382 (Mo. banc 1980).

## Analysis

Husband first asserts he is entitled to a writ of prohibition because the circuit court acted in excess of its authority in that Wife's motion to compel is barred by the doctrines of collateral estoppel and res judicata and by the one-year time limitation in Rule 74.06(c)

6

for relief from a judgment.[2] Husband further asserts the Martial Settlement Agreement and the 2009 dissolution judgment gave the circuit court no authority to compel him to execute the requested authorization.

Husband's assertions, however, are premised on his erroneous belief that the circuit court's order modified or granted Wife some relief from the dissolution judgment. Wife requested no such relief in her motion, nor did the circuit court grant any relief from, or make any modification to, the judgment.

In her motion to compel, Wife requested the circuit court order Husband to provide any and all correspondence sent to Husband related to, or arising out of, the number of retirement points Husband earned and to execute and deliver to her authorizations, releases, and waivers pertaining to his military records. Nowhere in either the motion to compel or her suggestions in support did Wife request relief from, or modification of, the judgment. Although Wife alleges in her suggestions in support she "would suffer severe prejudice and damage if the error in the Agreement is not corrected and [Husband] is allowed to keep sums paid to him in which [she] is entitled," she made no request in her prayer for relief that the alleged prejudice be remedied by relief from, or modification of, the judgment.

Instead, the focus of Wife's motion to compel is her failed attempts to gain access to documentation regarding the total number of reservist points Husband earned during their marriage. Wife details numerous attempts to obtain the information from the military

---

[2] In his point relied on, Husband also contends Wife's motion does not qualify as an independent action in equity under Rule 74.06(d). Because Wife filed her motion in the parties' original dissolution action, Husband is correct Wife's motion cannot be characterized as a Rule 74.06(d) independent action.

and other federal agencies. When those attempts failed, her attorney sent a certified letter to Husband requesting documentation regarding the number of reservist points and informing him he had an obligation under the Marital Settlement Agreement to execute any and all documents necessary to carry out the provisions of the agreement. When Husband refused to comply with Wife's request, she filed the motion to compel, relying on the Marital Settlement Agreement, which requires the parties to deliver and execute any and all documents necessary to carry out the provisions of the Marital Settlement Agreement, and a similar provision in the 2009 dissolution judgment requiring the parties to execute all documents necessary to effectuate the division and transfer of marital property. Accordingly, despite Husband's assertions to the contrary, Wife's motion to compel sought no relief from or modification of the judgment.

Rule 74.06(b) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force.

Rule 74.06(b), therefore, is a mechanism by which a party can seek relief from or modification of a judgment on the basis of mistake, fraud, irregularity, voidability, or satisfaction. Rule 74.06(b) motions cannot be brought "more than one year after the judgment or order was entered." Rule 74.06(c).

8

Because Wife's motion to compel sought no relief from or modification of the judgment, it cannot be characterized as a Rule 74.06(b) motion. Consequently, the one-year time limitation for filing under Rule 74.06(c) has no application to this case.

Rather, Wife sought information that would assist her in obtaining half of the retirement benefits Husband earned during the marriage, as awarded to her by the circuit court in its dissolution judgment. "[A] court generally has the inherent power to make such proper orders as are necessary to effectuate its decrees." *Benton v. Alcazar Hotel Co.*, 194 S.W.2d 20, 24-25 (Mo. 1946). The circuit court, therefore, had the inherent authority to enter any order necessary to effectuate its dissolution judgment.

In sustaining Wife's motion, the circuit court relied on the provisions in the Marital Settlement Agreement and the 2009 dissolution judgment requiring Husband to deliver and execute any documents necessary to effectuate the Marital Settlement Agreement. Nothing in the circuit court's order can be construed to modify or grant Wife any relief from the judgment. The order requires Husband to deliver correspondence and sign an authorization releasing all documents

> that relate to or arise out of, the total number of retirement points earned by [Husband] and the number of retirement points earned by [Husband] from [his] marriage to [Wife] (20 April 1985) through the date of [his] separation from [Wife] (30 May 2009). The documents shall include, but not be limited to, notes, e-mails, correspondence, worksheets, retirement point computation documents and retirement point audit documents.

The circuit court's order did nothing more than require Husband to deliver and execute authorization for any and all documents necessary to carry out the Martial Settlement Agreement. Missouri case law is clear that, although a circuit "court's power to modify a

9

judgment ceases when the judgment becomes final," circuit courts "have [the] inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." *McLean v. First Horizon Home Loan Corp.*, 277 S.W.3d 872, 876-77 (Mo. App. 2009) (internal quotation omitted). The circuit court, therefore, had the inherent authority to issue any order necessary to effectuate that agreement.

Husband asserts any reliance on the provisions in the Marital Settlement Agreement and the 2009 dissolution judgment is misplaced because Wife did not allege he failed to sign any documentation that prevented her from obtaining her portion of his military retirement benefits. But the 2009 dissolution judgment and the Marital Settlement Agreement clearly indicate the parties intended Wife to receive half of Husband's military retirement benefits earned during their marriage. And Wife alleges in her motion she needs access to the requested correspondence and documents to obtain her portion of Husband's military retirement benefits.

The record reflects the steps Wife has taken in attempting to receive the portion of the benefits she is entitled to under the Marital Settlement Agreement and the 2009 dissolution judgment. First, DFAS informed Wife the formula in the 2009 dissolution judgment was not an acceptable calculation of an ex-spouse's interest in the pension of a reservist, like Husband. In an apparent attempt to correct the formula, the 2014 Judgment

10

and Order Clarifying Marital Settlement Agreement[3] was entered setting out the accepted formula, utilizing 2,134 points as those Husband earned during their marriage, and reiterating Wife is entitled to receive half of Husband's monthly benefits that accrued during the parties' marriage. Prior to filing her motion to compel, Wife contacted Husband in an attempt to gain access to documents pertaining to his military service to determine if she was receiving her portion of Husband's retirement benefits. Husband refused to comply with her requests for such documentation.

Wife now alleges she will not receive the half of Husband's retirement benefits to which she is entitled without access to the documents she requested and the circuit court ordered Husband to provide her. Accordingly, the record supports a finding that the circuit court was exercising its inherent authority to enter an order necessary to effectuate its judgment, which awarded Wife half of Husband's military retirement benefits, when it compelled Husband to turn over all correspondence pertaining to his military retirement benefits and to sign an authorization releasing his military records related to the reservist points he earned during the parties' marriage.[4]

---

[3] Husband treats the 2014 Judgment and Order Clarifying Marital Settlement Agreement as the undisputed final judgment in this case. But the same challenges Husband raises in these writ proceedings regarding the timeliness of and the circuit court's authority to modify a dissolution judgment would apply equally to the 2014 Judgment and Order Clarifying Marital Settlement Agreement. Nevertheless, it is not necessary to the resolution of these writ proceedings to adjudicate the nature or validity of the 2014 Judgment and Order Clarifying Marital Settlement Agreement.

[4] The dissenting opinion asserts the sole, proper method for Wife to obtain such information was to file a motion for contempt of judgment. While that remedy was and remains available to Wife, that does not mean the circuit court was without authority to sustain Wife's motion to compel under its inherent authority to effectuate its judgment.

11

Additionally, Husband asserts the circuit court acted in excess of its authority when it sustained Wife's motion without a hearing in violation of his due process rights. Husband, however, makes this assertion on the basis that Wife's motion is a Rule 74.06(b) motion, which cannot prove itself. As previously explained, Wife's motion to compel was not a Rule 74.06(b) motion and, therefore, would not require an evidentiary hearing to establish evidence of mistake, misrepresentation, or fraud. Husband cites no authority for the proposition he was entitled to a hearing outside the Rule 74.06(b) context.

Husband further contends his due process and privacy rights were violated because the circuit court's order requires him to sign an overly broad authorization, which forces him to turn over information protected by HIPAA that cannot be turned over without the extensive protections outlined under federal regulation 45 C.F.R. § 164.512(e). But Husband's contentions that the authorization requires him to turn over all documentation without limitation are disingenuous. As noted previously, the authorization restricts the documents to be released to those "that relate to, or arise out of, the total number of retirement points earned by [Husband] and the number of retirement points earned by [Husband] from the date of [his] marriage . . . through the date of [his separation]." Additionally, while Husband made a general assertion before the circuit court that the authorization violated HIPAA, he did not raise the federal regulation or articulate how

---

Furthermore, to the extent the dissenting opinion relies on Local Rule 84.1 to support its assertion contempt was the proper method for Wife to raise such issues, the rule addresses the assignment of post-judgment motions to the appropriate judge. It does not affect the circuit court's authority to rule on Wife's motion to compel under the facts and circumstances of this case.

HIPAA was violated. Accordingly, no violation of Husband's due process or privacy rights occurred warranting the issuance of a writ of prohibition in this case.[5]

## Conclusion

Husband has failed to establish the circuit court acted in excess of its authority when it compelled him to turn over all correspondence pertaining to his military retirement benefits and to sign an authorization releasing his military records related to the reservist points he earned during the parties' marriage. The preliminary writ of prohibition, therefore, is quashed.

_____
PATRICIA BRECKENRIDGE, JUDGE

Draper, Powell and Stith, JJ., concur;
Russell, J., dissents in separate opinion
filed; Fischer, C.J., and Wilson, J., concur
in opinion of Russell, J.

_____

[5] Husband also contends the doctrines of collateral estoppel and res judicata bar Wife's motion because the number of Husband's reservist points was decided on the merits as a result of the 2014 Judgment and Order Clarifying Marital Settlement Agreement. But again, nothing in Wife's motion asks the circuit court to revisit or modify its determination as to the number of Husband's reservist points. Rather, Wife sought to compel Husband to turn over documentation pertaining to his reservist points to effectuate provisions of the Marital Settlement Agreement – which Husband has an obligation to do under both the Marital Settlement Agreement and the 2009 dissolution judgment. Additionally, the doctrines of collateral estoppel and res judicata apply only in a second, subsequent lawsuit. *See Kesterson v. State Farm Fire & Cas. Co.*, 242 S.W.3d 712, 715 (Mo. banc 2008) (explaining the doctrine of res judicata "precludes a litigant from bringing, *in a subsequent lawsuit*, claims that should have been brought in the first suit") (emphasis added); *Woods v. Mehlville Chrysler-Plymouth*, 198 S.W.3d 165, 168 (Mo. App. 2006) (noting the conditions under which a *subsequent* proceeding is barred by the doctrine of collateral estoppel). Husband recognizes that Wife's motion was filed in the parties' original dissolution action. Accordingly, the doctrines of collateral estoppel and res judicata do not aid Husband.

13



# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.    )
JERRY CULLEN,             )
                                )
              Relator,      )
                                )
v.                            )    No.  SC97008
                                )
THE HONORABLE KEVIN D.    )
HARRELL,              )
                                )
             Respondent.   )

## DISSENTING OPINION

I respectfully dissent. Because the circuit court did not have authority, *inherent or otherwise*, to grant Wife's motion, I would make the preliminary writ permanent prohibiting the circuit court from taking any action on the motion. The circuit court had no authority to grant a motion to compel the production of documents when there was no pending case in front of the court. Further, the court did not possess "inherent authority" to order a party to take an action not necessitated by the parties' dissolution decree.

Wife's motion to compel – filed at least three years after the Judgment and Order Clarifying Marital Settlement Agreement became final – was an improper pleading for Wife to use to raise her concerns. The circuit court lost authority over the case when the judgment become final. *Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d

466, 468-69 (Mo. banc 2011); *cf. State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993). Accordingly, the circuit court could "take no further action in [the] case except when otherwise expressly provided by statute or rule." *Simmons*, 866 S.W.2d at 445. Wife's motion to compel assumed this case was still a pending matter with ongoing discovery. It was not. A motion to compel, seeking production of documents in an unverified motion, is akin to a discovery tool in an open case. In this context, the circuit court was without authority to compel post-judgment discovery.

The proper legal remedy for a person who believes the opposing party has not obeyed the terms of a final judgment is to file a motion for contempt of judgment. Civil contempt is "auxiliary to the main case in that it proceeds out of the original case" but "is essentially a new and independent proceeding in that it involves new issues and must be initiated by the issuance and service of new process." *Odom v. Langston*, 213 S.W.2d 948, 951 (Mo. banc 1948). A civil contempt action allows a party to request that the court require a disobedient opposing party to comply with a court judgment or to enforce a rule that has been violated. 2A Mo. Prac., Methods of Prac.: Litigation Guide sec. 37.4 (4th ed.). A motion for contempt is an independent cause of action, requiring a verified pleading, a filing fee, and service on the opposing party. Section 452.310.1;[1] Jackson County Circuit Court Local Rule 5.1; *Odom*, 213 S.W.2d at 951. This is similar to a motion to modify a final dissolution judgment, which is also a separate cause of action requiring a filing fee, verified allegations, and service to the party adversely affected.

---

[1] All statutory references are to RSMo 2016 unless otherwise stated.

2

Local Rule 5.1; section 452.310.1; *Greene v. Greene*, 368 S.W.2d 426, 428 (Mo. banc 1963).

With the filing of the motion for contempt of judgment, the circuit court would have *regained* authority over the case, as the case would have been assigned to the same judge again under Local Rule 84.1.[2] Wife would have been able to make the same allegations and seek the same relief but would have done so in a verified motion alleging specific facts and accompanied by a proposed order to show cause. Local Rule 84.3. She then would have carried the burden of demonstrating a willful violation of the judgment. *Levis v. Markee*, 771 S.W.2d 928, 931 (Mo. App. 1989); Section 476.110(3). To do so, Wife could have sought the documents in question through the normal discovery process via a motion to compel production of documents. This procedure would have allowed the contempt motion to properly – and fairly – proceed just like any other cause of action.

Despite this, the principal opinion posits the circuit court had "inherent authority" to grant Wife's motion to compel because the Marital Settlement Agreement stated the parties must "execute any and all documents necessary to effectuate the [settlement agreement]." According to the principal opinion, this provision allows the circuit court to essentially ignore the final judgment and order Husband to execute Wife's proposed

---

[2] "[A]ll post-judgment motions and applications, to include motions for new trial and motions to amend the judgment, motions to modify a decree, garnishment matters, execution matters, contempt citations, examinations of judgment debtors, and income assignments, in domestic cases, shall be assigned to the judge who rendered the last judgment," unless the judge no longer is assigned to a domestic docket. Local Rule 84.1(1). If that is the case, the contempt motion "shall be reassigned to another judge currently assigned a domestic docket by rotation, who will hear such matters for the purpose of the current motion or application only." Local Rule 84.1(2).

3

authorization. This authorization requires Husband to allow the release of his military personnel files "without limitation" and waive his rights to privacy in those documents, "even if said production would result in a clearly unwarranted invasion of [Husband's] personal privacy."

What the principal opinion does not establish, however, is why requiring Husband to turn over additional military personnel files is in any way "necessary to effectuate" the terms of the Judgment and Order Clarifying Marital Settlement Agreement. That judgment determined Husband had earned 2,134 reservist points during the marriage. There is no indication a division of assets using this formula cannot be effectuated absent further disclosures. If Wife's motion truly sought the effectuation of the judgment, as the principal opinion suggests, no additional discovery would be required because that judgment determined Husband's reservist points in that final, binding separation agreement.

The principal opinion states the disclosures are necessary because the parties' *intent* was to provide Wife with half of Husband's retirement benefits earned during the marriage. But the execution provision does not require the parties to execute any and all documents necessary to further the intent of the parties. It *only* requires authorizations or disclosures necessary to carry out the provisions of the Marital Settlement Agreement as incorporated in the Judgment and Order Clarifying Marital Settlement Agreement, which can be accomplished without any further action by the parties.

Though the circuit court may have "inherent authority" to effectuate its judgments, this authority is not boundless. Here, the execution provision is limited in scope and does

4

not authorize the circuit court to require parties to take actions not necessary to carry out the provisions of the judgment. Authority to rule on Wife's motion – inherent or otherwise – did not exist here.

The principal opinion errs in holding the entry of a final dissolution judgment vests the circuit court with perpetual authority to order the discovery of personal information to contradict the valuation of marital property as set forth in the judgment. In other words, the principal opinion holds no dissolution judgment is ever truly final until the parties stop arguing about money.[3] Experience shows that in too many cases, that time never comes.

I recognize the plight of Wife. But even assuming the hearsay statements she made in her motion to compel are true, the correct, legal way to remedy the allegations that Wife's former husband is in violation of the terms of the modified judgment is to file a motion for a judgment of contempt. No matter the underlying facts, the proper procedure must be followed in our courts to ensure fairness to all litigants. Because the proper procedure was not followed below, the circuit court had no authority to grant Wife's motion. As such, I would make the preliminary writ permanent.

_____
Mary R. Russell, Judge

---

[3] The principal opinion can be most favorably read to leave it to the circuit court to determine whether the dissolution judgment is final. As the parties do not dispute, if the judgment was final, the circuit court has no authority to compel post-judgment discovery of Husband's personal financial information without Wife filing a motion for contempt.