

# In the Missouri Court of Appeals
# Eastern District

<u>**WRIT DIVISION SIX**</u>

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel. ALECIA CRAMER, | ) ) | No. ED107920 |
| | ) | |
| Relator, | ) | |
| | ) | Writ of Prohibition |
| vs. | ) | Circuit Court of Jefferson County |
| | ) | Cause No. 17JE-JU00204 |
| THE HONORABLE JEFFREY T. COLEMAN, | ) ) | |
| | ) | |
| Respondent. | ) | Filed: July 16, 2019 |

Alecia Cramer ("Relator") filed a petition for writ of prohibition seeking to prohibit the

Honorable Jeffrey T. Coleman ("Respondent") from proceeding with the underlying termination

of parental rights action against Relator until Relator is appointed counsel to represent her in the

matter. This Court issued a Preliminary Order in Prohibition. Our Preliminary Order in

Prohibition is made permanent.

## I.     BACKGROUND

### A.     The Underlying Action

In the underlying action before the Juvenile Division of the Circuit Court of Jefferson

County ("the trial court"), Respondent is presiding over a termination of parental rights case

denominated 17JE-JU00204, which involves a minor child, C.D.C. and his natural mother,

Relator. Relator has been adjudged totally incapacitated and totally disabled by the Probate

Division of the Circuit Court of Jefferson County ("the probate division") and is currently a ward of Steve Farmer, Jefferson County Public Administrator.[1]

The action seeking to terminate Relator's parental rights to C.D.C. was filed on April 3, 2017. Then, on July 3, 2017, an attorney entered his appearance on behalf of Farmer. On August 25, 2017, Farmer requested that the trial court appoint counsel for Relator, who is indigent. The trial court granted the motion, and on September 6, 2017, the court appointed David Crosby as Relator's counsel.

Although Farmer initially requested that Relator be represented, disagreements soon arose between him and Crosby as to certain matters involved in Relator's case. For example, the parties disagreed as to whether Relator should appear at trial, who should have access to Relator's medical records, whether Farmer could consent to the termination of Relator's parental rights against her wishes, and ultimately, whether Relator's parental rights should be terminated. We note Farmer consented to terminating Relator's parental rights and allowing C.D.C. to be adopted by a third party. In contrast, Crosby asserted Relator wished to contest the termination of her parental rights.

On May 1, 2019, Farmer, allegedly acting as Relator's court-appointed guardian, requested the court to remove Crosby as Relator's counsel. Farmer asserted in his motion that "the appointment of David Crosby and the existence of a represented Guardian [(Farmer) was] redundant." In response, Crosby filed a motion to stay proceedings to allow him to determine if Farmer's motion to remove him constituted a discharge of counsel under the applicable ethical

---

[1] Respondent is presiding over a separate action involving Relator before the probate division. In that case, Farmer was appointed as guardian for Relator and conservator of her estate. However, the conservatorship was subsequently terminated by order of the probate division in March 2019. Additionally, Relator's counsel has filed a motion seeking to set aside the guardianship, or in the alternative, to restore Relator's rights to request counsel and appear in the termination of parental rights action, which is still pending.

rules or whether he could proceed with the representation. The motion to stay was denied and a hearing on the motion to remove Crosby as Relator's counsel was held on May 3, 2019. Crosby again asserted he was not ready to argue Farmer's motion until he received guidance from the Missouri Ethics Commission. Crosby orally requested the court to appoint a guardian ad litem ("GAL") to represent Relator's best interests as he asserted there was a conflict between Farmer's and Relator's stated wishes, but this request was denied. Subsequently, the trial court entered an order discharging Crosby as Relator's counsel.

## B.    The Instant Writ Proceeding

Relator, represented in a limited capacity by Crosby, subsequently filed the instant petition for writ of prohibition seeking to prohibit Respondent from proceeding with the underlying action until Relator is appointed counsel to represent her in the matter. Relator's petition alleges Respondent erred as a matter of law and exceeded his jurisdiction by discharging her counsel and in proceeding with the termination of parental rights action without Relator being represented by counsel. Relator's petition further asserts the disagreements about what was in Relator's best interests with regards to the termination of her parental rights motivated Farmer to file the motion seeking to have Crosby discharged. Moreover, the writ petition argues Relator's best interests are not adequately protected by Farmer and his counsel.

Pursuant to an order of this Court, Farmer's counsel filed an answer with suggestions in opposition on Respondent's and Farmer's behalf. Thereafter, we issued a Preliminary Order in Prohibition, which ordered Respondent to refrain from taking any action in the underlying termination of parental rights case until further notice.

## II.    DISCUSSION

### A.    This Court's Authority to Issue a Writ of Prohibition in this Case

Pursuant to the Missouri Constitution, our Court has jurisdiction to issue original remedial writs, including the extraordinary, discretionary writ of prohibition.  Mo. Const. art. V, sec. 4.1; *State ex rel. Cullen v. Harrell*, 567 S.W.3d 633, 637 (Mo. banc 2019); *Ballard v. Siwak*, 521 S.W.3d 296, 300 (Mo. App. E.D. 2017).  The issuance of a writ of prohibition is appropriate:

> (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*Cullen*, 567 S.W.3d at 637 (quotations omitted); *see also Ballard*, 521 S.W.3d at 300.  A preliminary order in prohibition should be made permanent when the relator has established the trial court acted in excess of its authority.  *Cullen*, 567 S.W.3d at 637; *State ex rel. Waller v. Tobben*, 529 S.W.3d 21, 26 (Mo. App. E.D. 2017).

### B.    General Law Pertaining to Relator's Right to Counsel in the Underlying Action

It is widely recognized that a parent's right to raise his or her child is a fundamental liberty interest protected by the constitutional guarantees of due process.  *In re J.R.*, 347 S.W.3d 641, 644 (Mo. App. E.D. 2011).  One safeguard Missouri law recognizes to protect the due process rights of a parent facing a termination of his or her parental rights is the right to counsel. *See In Interest of J.G.W.*, 545 S.W.3d 928, 929 (Mo. App. S.D. 2018); *see also* section 211.462.2 RSMo 2000.[2]  Pursuant to section 211.462.2, the parent involved in a termination of parental rights case "shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court."  We apply and

---

[2] All further references to section 211.462 are to RSMo 2000, which is the latest version of the statute.

construe the terms of section 211.462.2 strictly "in favor of the parent and preservation of the natural parent-child relationship." *J.G.W.*, 545 S.W.3d at 929; *J.R.*, 347 S.W.3d at 644.

Section 211.462.2 requires a trial court to appoint counsel to represent a parent when, (1) counsel is requested; and (2) the parent is indigent and financially unable to employ private counsel. *In re D.P.P.*, 353 S.W.3d 697, 700 (Mo. App. E.D. 2011); *In re J.S.W.*, 295 S.W.3d 877, 880 (Mo. App. E.D. 2009). If these prerequisites are met, the trial court must either appoint counsel to represent the parent or obtain a clear, unequivocal, and affirmative waiver by the parent of his or her right to counsel; the failure to take one of these actions has been found to be reversible error. *D.P.P.*, 353 S.W.3d at 700-01; *J.R.*, 347 S.W.3d at 645; *J.S.W.*, 295 S.W.3d at 880-82.

Whether a trial court unjustly denied an indigent parent their right to counsel in a termination of parental rights proceeding depends on the particular circumstances involved in the case. *J.S.W.*, 295 S.W.3d at 882. As highlighted by our Court:

> Even the Supreme Court of the United States has acknowledged that [termination of parental rights] cases present facts and circumstances 'susceptible of almost infinite variation,' and therefore 'it is neither possible nor prudent to attempt to formulate a precise and detailed set of guidelines to be followed in determining when the providing of counsel is necessary to meet the applicable due process requirements.'

*Id*. (quoting *Lassiter v. Department of Social Services of Durham County, N.C.*, 452 U.S. 18, 32 (1981)).

## C.      Whether the Trial Court had Authority to Discharge Relator's Counsel

Here, it is undisputed the trial court initially complied with section 211.462.2 by appointing Crosby to represent Relator in the underlying termination of parental rights action upon determining she was indigent and financially unable to employ private counsel. Thus, the

question we must determine is whether the trial court had authority to subsequently discharge Crosby as Relator's counsel. We find that it did not.

While we have been unable to find any case in which a trial court discharged court-appointed counsel for a parent in a termination of parental rights proceedings, we find guidance on this issue from cases in which counsel withdrew from such representation. Courts in this state have allowed attorneys to withdraw in termination of parental rights cases under circumstances where, (1) the attorney filed their motion to withdraw far enough in advance so that the parent had notice of the attorney's withdraw at several weeks prior to the termination hearing; and, more importantly, (2) the attorney presented sufficient evidence that the parent repeatedly failed to cooperate with their representation. *J.S.W.*, 295 S.W.3d at 881; *In re P.D.*, 144 S.W.3d 907, 912 (Mo. App. E.D. 2004) (citing *In re I.B.*, 48 S.W.3d 91, 97-99 (Mo. App. W.D. 2001) and *In the Interest of K.D.H.*, 871 S.W.2d 651, 654-56 (Mo. App. W.D. 1994) (overruling on other grounds recognized by *In re B.J.K.*, 197 S.W.3d 237, 243-45 (Mo. App. W.D. 2006))). When a parent repeatedly misses meetings with his or her attorney, refuses to communicate with counsel, and is generally disinterested, Missouri Courts have found the parent rejected his or her right to court-appointed counsel. *J.S.W.*, 295 S.W.3d at 881; *see also P.D.*, 144 S.W.3d at 912-13.

The parties' filings and exhibits before us contain no suggestion Relator has clearly, unequivocally, or affirmatively waived her right to counsel or that she rejected her right to court-appointed counsel. While the court initially appointed counsel for Relator, we find the court "effectively eviscerated her right to counsel" when it subsequently dismissed Crosby prior to the termination hearing. *See J.S.W.*, 295 S.W.3d at 881 (similarly finding when the trial court initially appointed counsel, but then allowed the parent to proceed through the termination of parental rights process unrepresented). The court's action is especially troubling in light of the

6

possibility Relator may not be present at the termination hearing. *Cf. In re W.J.S.M.*, 231 S.W.3d 278, 282-83 (Mo. App. E.D. 2007) (a party *who is represented by counsel* at a termination of parental rights proceeding need not be physically present at the hearing) (emphasis added).

Farmer argues that Crosby's representation of Relator is "redundant" because he has been appointed Relator's guardian, he is represented by counsel, and thus, he and his attorney can adequately represent Relator's interests. We question Farmer's premise, however, because of the capacity in which he serves as guardian. Farmer was appointed by the probate division as Relator's statutory guardian, and as part of his duties, he must, *inter alia*, "provide for [Relator's] care, treatment, habilitation, education, support and maintenance." *See* section 475.120.3 RSMo Supp. 2018.[3] Nevertheless, the filings and exhibits indicate the trial court declined to appoint Farmer or anyone else to serve as GAL for Relator in the present action pursuant to section 211.462.2.[4] Accordingly, Farmer is under no specific duty to perform the GAL functions of protecting Relator's rights, interest, and welfare by, *inter alia*, being Relator's legal representative in the termination of parental rights proceedings, being her advocate during the termination hearing, ascertaining her wishes, conducting necessary interviews, and appealing if necessary. *See* section 211.462.3(1)-(3). Moreover, we find the case cited by Farmer in support of his "redundancy" argument, *In Interest of JIW*, 695 S.W.2d 513, 517-18 (Mo. App. W.D. 1985), does not aid his position because, in that case, the parent was represented by an attorney

---

[3] The reference to section 475.120.3 is to RSMo Supp. 2018, which was effective from August 28, 2017 to August 27, 2018 and was the version in effect at the time Farmer was appointed as Relator's guardian in October 2017.
[4] Under section 211.462.2, a GAL shall be appointed to represent a parent in a termination of parental rights case when the parent is a minor or incompetent. Section 211.462.2; *see also In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 821 (Mo. banc 2011) (abrogated on other grounds by *S.S.S. v. C.V.S.*, 529 S.W.3d 811, 816 n.3 (Mo. banc 2017)). As previously stated, the trial court denied Crosby's request that Relator be appointed a GAL. While we note Relator may not be entitled to representation by both counsel and an attorney GAL, she is at least entitled to representation by counsel and such counsel may also serve as her GAL. *See In re C.D.*, 27 S.W.3d 826, 830-31 (Mo. App. W.D. 2000); *In Interest of JIW*, 695 S.W.2d 513, 517-18 (Mo. App. W.D. 1985).

who served as both her counsel and GAL. Here, Relator has been denied the right to have an attorney represent her in either capacity.

Based on the preceding review of applicable statutory and case law principles, we find the trial court unjustly denied Relator her right to counsel under the particular circumstances of this case. *See J.S.W.*, 295 S.W.3d at 882 (the particular circumstances of a case carry great weight in considering whether a parent was denied her right to counsel). Section 211.462.2 issues a simple directives to trial courts: appoint counsel to represent an indigent parent involved in a termination of parental rights action when counsel is requested. *See D.P.P.*, 353 S.W.3d at 700; *J.S.W.*, 295 S.W.3d at 880. In the absence of evidence that Relator affirmatively waived or rejected her right to counsel, we hold the trial court acted without authority in discharging Crosby as Relator's counsel and in attempting to proceed with the termination of Relator's parental rights while she was not represented by counsel. *See Cullen*, 567 S.W.3d at 637; *Waller*, 529 S.W.3d at 26 (we may issue a permanent writ of prohibition when the trial court acts without authority).

### III.    CONCLUSION

The Preliminary Order in Prohibition is made permanent. Respondent is hereby directed to appoint counsel to represent Relator in the underlying termination of parental rights action against her prior to taking any further action in the matter.

_____
ROBERT M. CLAYTON III, Presiding Judge

Roy L. Richter, J., and
Gary M. Gaertner, Jr., J., concur.

8