PER CURIAM.
*905 S.J. (Mother) appeals from the termination of her parental rights and presents six points. Because Mother's first point is dispositive, we do not address the other five.[1] Mother contends there is no proof in the record that she was notified, as required by § 211.462, of her right to request the appointment of counsel to represent her in the termination of parental rights (TPR) proceeding.[2] This point has merit and requires us to reverse the TPR judgment and remand for further proceedings.
The petition to terminate Mother's parental rights was filed on October 6, 2016. After the original summons for Mother was returned non est , alias summons was issued. Mother was personally served on January 3, 2017. The docket entry documenting service on Mother contained only the cryptic statement: "Notice of Rights NMO; [Mother]/CG[.]" The legal file does not contain a copy of the summons served on Mother. The only service document in the file is a copy of the return, which simply provides the facts of how and when service on Mother was accomplished. The record also does not contain any description of the "rights" of which Mother was purportedly given notice.
The TPR hearing was held on February 21, 2017. Notice of that hearing date had been served on Mother by mail at prior addresses on Harrison and Douglas streets in Springfield. Mother was not represented by counsel and did not personally appear at the TPR hearing. Case manager Jo Lowery testified on behalf of the juvenile office. She had last seen Mother on January 27, 2017. Lowery did not know where Mother was residing as of the time of trial.
On February 22, 2017, the trial court entered a judgment terminating Mother's parental rights. The judgment stated that "[t]he mother did not request or seek counsel in this action."
On May 2, 2017, the trial court approved Mother's application for legal assistance and appointed counsel for her. A notice of appeal was filed on May 19, 2017. Counsel obtained a special order from this Court allowing the late filing of the notice of appeal in this action.
The resolution of this appeal is controlled by the requirements of *906 § 211.462. In relevant part, this statute states:
The parent or guardian of the person of the child shall be notified of the right to have counsel, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons . When the parent is a minor or incompetent the court shall appoint a guardian ad litem to represent such parent.
§ 211.462.2 (emphasis added).[3] This statute performs an essential role in protecting the due process rights of a parent threatened with termination of his or her parental rights. Therefore, we strictly apply the terms of § 211.462.2. In re D.P.P. , 353 S.W.3d 697, 700 (Mo. App. 2011) ; In re J.S.W. , 295 S.W.3d 877, 880 (Mo. App. 2009). If an indigent parent receives the required notice, appointment of counsel is required if requested. In re J.R. , 347 S.W.3d 641, 645 (Mo. App. 2011).[4]
Mother contends there is no proof in the record that she received the notice required by § 211.462.2 of her right to request the appointment of counsel in the TPR proceeding. We agree.[5] By law, that notice is required to be contained in the summons. Cf. In re Adoption of C.M.B.R. , 332 S.W.3d 793, 810 (Mo. banc 2011) (specifically noting that the record there showed the summons gave the mother the required statutory notice, but she failed to request counsel).[6] The legal file contains no copy of the summons served upon Mother. The trial court's cryptic docket entry, which was not part of the summons in any event, sheds no light on whether Mother received the statutory notice about appointment of counsel. Because there is no proof in the record before us that Mother received the statutory notice to which she was entitled, Point 1 is granted.
The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
*907 CONCURRING OPINION

As the concurring opinion points out, there are a number of other troubling procedural aspects of this case that should be examined on remand, but it is not necessary to discuss them in detail since we are reversing and remanding on the lack-of-notice issue.

All references to statutes are to RSMo (2016).

As this Court explained:
[T]he only assurance that a parent will be aware of his right to counsel and of his right to the appointment of counsel if indigent is to provide that he receive written notice thereof. The summons is the logical place for such notice, as the summons is the official notification to the parent that the proceeding to terminate parental rights has been commenced. Moreover, the summons is served upon the parent at the outset of the proceeding. Consequently, including the notice regarding counsel in the summons affords the parent the greatest amount of time possible to obtain counsel prior to the hearing, either by employing counsel or by requesting the court to appoint counsel.
In Interest of B---- M---- P---- , 704 S.W.2d 237, 246 (Mo. App. 1986).

Based upon our review of the record, it is not clear that Mother knew when the TPR hearing was set to be heard. If Mother had appeared at the hearing, it is well settled that "due process required the court to either appoint an attorney for the mother or obtain an affirmative waiver of that right. The court's failure to take either of these steps constitutes reversible error." B.L.E. v. Elmore , 723 S.W.2d 917, 920 (Mo. App. 1987).

Generally, a trial court loses the power to amend a judgment 30 days after entry, when it becomes final. Wibberg v. State , 957 S.W.2d 504, 508 (Mo. App. 1997). Mother's request for appointment of counsel, which was granted by the trial court, occurred after the TPR judgment had become final for purposes of appeal. Accordingly, we conclude this error was raised by appointed counsel at the earliest opportunity and is preserved for appeal.

C.M.B.R. was abrogated on other grounds by S.S.S. v. C.V.S. , 529 S.W.3d 811 (Mo. banc 2017).