JEFFREY W. BATES, J.
K.N.P. (Mother) appeals from a judgment terminating her parental rights to her son, J.G.W. The judgment also terminated the parental rights of the father, who voluntarily consented to the termination. Mother presents two points. Because her first point is dispositive, we do not address the second point. Mother's first point contends the trial court erred in terminating her parental rights because there is no proof in the record that she was notified of her right to counsel, as required by § 211.462.[1] Because this point has merit, we reverse the judgment as to Mother and remand for further proceedings consistent with this opinion. In all other respects, the judgment is affirmed.
The facts relevant to the dispositive issue can be briefly summarized. During the underlying abuse and neglect proceedings, Mother was represented by attorney Rina Edge (Edge). On March 6, 2017, a permanency hearing was held. During that hearing, Edge was granted permission to withdraw as Mother's attorney due to lack of contact and Mother's failure to appear in court.
*929 On March 8, 2017, the petition for termination of parental rights (TPR) was filed. Two summons issued to Mother were returned non est. Mother did not appear at trial, and no attorney appeared on her behalf. There is nothing in the record before us showing that Mother was given notice of her right to be represented by counsel in the TPR proceeding.
Mother's point contends the trial court erred in terminating her parental rights because her due process rights were violated, in that there is no proof that she was properly notified of her right to counsel as required by § 211.462. We agree. In relevant part, § 211.462 states:
The parent or guardian of the person of the child shall be notified of the right to have counsel , and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision shall be contained in the summons . When the parent is a minor or incompetent the court shall appoint a guardian ad litem to represent such parent.
§ 211.462.2 (emphasis added). This statute performs an essential role in protecting the due process rights of a parent threatened with termination of his or her parental rights. Therefore, we strictly apply the terms of § 211.462.2. In re D.P.P. , 353 S.W.3d 697, 700 (Mo. App. 2011) ; In re J.S.W. , 295 S.W.3d 877, 880 (Mo. App. 2009). If an indigent parent receives the required notice, appointment of counsel is required if requested. In re J.R. , 347 S.W.3d 641, 645 (Mo. App. 2011). Here, there is no proof in the record before us that Mother received the statutory notice, to which she was entitled, about her right to counsel.
This case is indistinguishable from In Interest of K.S. , 539 S.W.3d 904 (Mo. App. S.D. 2017), and must be reversed for the same reason-lack of notice of right to counsel as required by § 211.462. The Juvenile Officer filed no brief and stipulated that reversal is required. Point 1 is granted. Therefore, as to the father, we affirm the TPR judgment in all respects. As to Mother, we reverse the TPR judgment and remand for further proceedings consistent with this opinion.
DANIEL E. SCOTT, J.-CONCUR
WILLIAM W. FRANCIS, JR., J.-CONCUR

All statutory references are to RSMo (2016).