

# In the Missouri Court of Appeals
# Eastern District

## SOUTHERN DIVISION

IN THE INTEREST OF: T.A.G. and Z.Z.G.

)
)
)
)
)
)
)
)
)

No. ED111463

Appeal from the Circuit Court
of Madison County

Honorable Wendy L. Wexler Horn

FILED: November 21, 2023

In this consolidated appeal, J.W.G. ("Father") challenges the trial court's judgments terminating his parental rights to his children, T.A.G. and Z.Z.G. (collectively, "Children"), under section 211.447.[1] The trial court found three statutory grounds to terminate Father's parental rights and that such termination was in the best interests of Children. Father challenges the merits of the termination judgments and the procedures of the termination proceeding. We agree with Father that his appointed counsel operated under an active conflict of interest that denied him effective assistance of counsel and a meaningful hearing. Accordingly, we reverse the judgments and remand for a new trial.

## Factual and Procedural Background

Father is the natural father of Children. In August 2020, Children were taken into the protective custody of the Children's Division in Madison County (the "Children's Division"). In

---

[1] All statutory references are to the RSMo (Cum. Supp. 2021), unless otherwise indicated.

May 2022, the juvenile officer filed petitions seeking to terminate the parental rights of Father and of Children's natural mother ("Mother"). The trial court held a consolidated trial at which Father and Mother were jointly represented by appointed counsel ("Counsel").

The trial court later entered judgments terminating the parental rights of Father and Mother pursuant to section 211.447.6. The trial court found clear, cogent, and convincing evidence of three statutory grounds supporting termination for each parent: abuse and neglect as provided in section 211.447.5(2); failure to rectify the conditions that led to Children coming into the Children's Division's care as provided in section 211.447.5(3); and unfitness to be a party to the parent-child relationship as provided in section 211.447.5(5)(a). The trial court further found that termination was in Children's best interests and made specific findings pursuant to section 211.447.7. Both Father and Mother filed post-trial motions requesting the trial court to set aside or amend the judgments or, alternatively, to grant them new trials. The trial court granted Mother's motion for new trial on the basis that her rights were in conflict with Father's and, therefore, they should not have been jointly represented by the same appointed counsel.[2] Although Father also raised this issue, the trial court denied his post-trial motion and issued amended judgments terminating only Father's parental rights to Children. Father now appeals.

## Standard of Review

We review the merits of a trial court's termination of parental rights for whether clear, cogent, and convincing evidence was presented to support a statutory ground for termination. *In the Int. of J.P.B.*, 509 S.W.3d 84, 90 (Mo. banc 2017) (quotation marks and citation omitted). Our review is governed by the standard articulated in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), under which we will affirm the termination of a party's parental rights unless there is no

---

[2] The juvenile officer later voluntarily dismissed the petition to terminate Mother's parental rights.

substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* If we determine at least one statutory ground for termination exists, we then consider whether termination was in the best interest of the child, a determination we review for an abuse of the trial court's discretion. *Id.*

## Discussion

Father raises six points on appeal. In his first three points, Father challenges the trial court's finding that clear, cogent, and convincing evidence existed to support two statutory grounds to terminate his parental rights. In his fourth point, Father contends the trial court abused its discretion in finding that termination of his parental rights was in Children's best interests. In his fifth and sixth points, Father asserts procedural errors in his representation by appointed counsel and Children's representation by the guardian ad litem. Because Father's argument regarding appointed counsel is dispositive, we do not address the arguments presented in Points I, II, III, IV and VI.[3]

## Conflict of Interest of Appointed Counsel

In his fifth point, Father alleges that a conflict of interest arose from Counsel's joint representation of Father and Mother at trial. We conclude that Father's rights to due process and effective assistance of counsel were violated because Counsel operated under a concurrent conflict of interest, thereby depriving him of a meaningful hearing on the termination of his parental rights to Children.

---

[3] We are troubled by the appointment of the guardian ad litem in these cases, given that he previously represented the juvenile officer as an attorney in the underlying abuse and neglect cases regarding Children. In light of the important rights at stake in termination proceedings—the natural parents' fundamental liberty interests in the care, custody, and management of their children—courts should be especially sensitive to the appearance of impropriety involving a guardian ad litem. This issue is the subject of Father's sixth point on appeal, which we need not decide because we reverse for a new trial based on Father's fifth point. We are confident the issue Father raised is moot and will not reoccur on remand since the guardian ad litem disqualified himself from Mother's case after the trial court granted her a new trial.

3

Section 211.462.2[4] gives a natural parent the right to counsel in a termination of parental rights proceeding if he or she is unable to afford an attorney and requests the trial court to appoint one. "This statute performs an essential role in protecting the due process rights of a parent threatened with termination of his or her parental rights." *In the Int. of K.S.*, 539 S.W.3d 904, 906 (Mo. App. S.D. 2017). The statutory right to counsel carries the implied right to effective assistance of counsel. *Int. of J.P.B.*, 509 S.W.3d at 97. The test for effective assistance is whether counsel provided the natural parent "with a meaningful hearing based on the record." *Id.* (quoting *In re W.J.S.M.*, 231 S.W.3d 278, 283-84 (Mo. App. E.D. 2007)).

An attorney does not provide effective assistance when his or her representation involves an actual conflict of interest. *See State ex rel. Horn v. Ray*, 325 S.W.3d 500, 505-07, 510-11 (Mo. App. E.D. 2010). The Missouri Rules of Professional Conduct prohibit concurrent conflicts of interest. *See* Rule 4-1.7(a).[5] Under this rule, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest," which exists if: "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer." Rule 4-1.7(a). The concurrent or joint representation of co-parties typically falls under Rule 4-1.7(a)(2). *See* Comment 23 to Rule 4.1-7 (further explaining that "[a] conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question. Such conflicts can arise in criminal cases as well as civil.").

---

[4] RSMo (2016).
[5] All rule references are to the Missouri Supreme Court Rules (2022).

Here, Father and Mother each requested the appointment of counsel in the underlying abuse and neglect proceedings, and the trial court appointed Counsel to represent both of them.[6] Counsel continued to jointly represent Father and Mother in the proceedings to terminate their parental rights to Children. Neither Father nor Mother gave written informed consent to this joint representation. After the trial court entered its judgments terminating Father's parental rights, Father filed a post-trial motion in which he argued, among other things, that he should be granted a new trial because of the conflict of interest created by this joint representation. The trial court denied Father's motion.

Under the Missouri Rules of Professional Conduct, Counsel's joint representation of Father and Mother involved a concurrent conflict of interest because Counsel's representation of Mother was materially limited by her responsibilities to Father, and vice versa. Although both Father and Mother fought against the termination of their respective parental rights, their interests diverged. And even if Counsel was not aware of an actual conflict of interest or the substantial risk of one at the time of her appointment, Counsel had the duty to act once she became aware of the parents' potential diverging interests. *See* Comment 4 to Rule 4-1.7.

The evidence showed that Father's and Mother's conduct throughout the termination and underlying abuse and neglect proceedings differed significantly, as did their parenting styles and bonds with Children. Indeed, in granting Mother's motion for new trial, the trial court specifically found that "Natural Mother's rights were in direct conflict to the rights of Natural Father from the very date the Petition for Termination of Parental Rights was filed on May 3, 2022, and therefore one attorney should not have [been] appointed to represent both Natural Mother and Natural Father." This finding was based on the fact that, as found by the trial court, "Natural Mother's

---

[6] Counsel was appointed after the prior appointed-counsel for Father and Mother withdrew from the cases.

case against the termination of her parental rights [was] much stronger than that of Natural Father," and "at least one-third of the case against Natural Mother does not cite issues regarding Natural Mother, but instead cites to negative allegations against Natural Father for support that Natural Mother's parental rights should be terminated."

Under the circumstances of this case, Counsel's duties to one parent limited her ability to advocate for all possible positions that the other parent might take in advancing his or her best arguments against termination. *See Horn*, 325 S.W.3d at 507-08. And while an attorney with a concurrent conflict of interest may still represent a client under certain circumstances, including where each affected client gives informed consent confirmed in writing, *see* Rule 4-1.7(b)(4), neither Father nor Mother gave written informed consent to this joint representation.

"Furthermore, we must remain mindful of the awesome power the court exercises in terminating parental rights." *In re J.S.W.*, 295 S.W.3d 877, 882 (Mo. App. E.D. 2009) (citing *In re K.A.W.,* 133 S.W.3d 1, 12 (Mo. banc 2004) (characterizing termination of parental rights as a "civil death penalty")). With the exercise of this "awesome power," courts must ensure due process is afforded to natural parents. *See id.* Here, Father was deprived of due process and a meaningful hearing on the issue of termination because Counsel operated under a concurrent conflict of interest that materially limited her ability to advocate for her clients' interests. The trial court erred in failing to grant Father a new trial with an independent appointed counsel. Point V is granted.

## Conclusion

The trial court's judgments terminating Father's parental rights to Children are reversed and the causes are remanded for a new trial.

_____

MICHAEL E. GARDNER, Judge


Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.