

# Missouri Court of Appeals

## Southern District

### In Division

IN THE INTEREST OF A.D.S.:      )
      )
N.A.W.,      )
      )
      Respondent,      )  No.  SD38621
      )
  vs.      )  FILED:  April 23, 2025
      )
R.L.S., II,      )
      )
      Appellant.      )

### APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable W. Keith Currie, Judge

## <u>AFFIRMED</u>

R.L.S. ("Father") appeals the circuit court's judgment granting the petition of N.A.W. ("Guardian") to adopt A.D.S. ("Child") under section 453.040(7).[1]  Father received service of Guardian's petition for adoption, filed a *pro se* answer in which he alleged that he was incarcerated in Arkansas, but ultimately failed to appear at the adoption hearing either remotely by WebEx or by counsel.  In a single point on appeal, Father contends the circuit court "erred in terminating [his] parental rights because [his] due process rights were violated in that [he] was

---

[1] Statutory references are to RSMo 2016 as amended through RSMo Cum.Supp. (2021).

not notified of his right to appointed counsel in the summons as required by [section] 211.462[.]" We affirm.

Before addressing Father's point, we must address the argument by Guardian that Father did not preserve his claim of error for appellate review because he failed to first raise it with the circuit court. We disagree. Father's claim is similar to the appellant's claim in *Int. of K.S.*, 539 S.W.3d 904, 905-06 (Mo.App. 2017). Also like that case, Father received appointed counsel *after* the circuit court's judgment became final for purposes of appeal.[2] *See id.* at 905, 906 n.5 (setting out a similar procedural history). We likewise conclude that Father's claim of error "was raised by appointed counsel at the earliest opportunity and is preserved for appeal." *Id.* at 906 n.5.

Turning then to Father's point, the statute he relies upon provides for the following in all actions to terminate parental rights: "The parent . . . of the child *shall be notified of the right to have counsel*, and if they request counsel and are financially unable to employ counsel, counsel shall be appointed by the court. Notice of this provision *shall be contained in the summons*." Section 211.462.2 (emphasis added). "This statute performs an essential role in protecting the due process rights of a parent threatened with termination of his or her parental rights." *Int. of J.G.W.*, 545 S.W.3d 928, 929 (Mo.App. 2018); *Int. of K.S.*, 539 S.W.3d 9 at 906. Father's argument relies on the *J.G.W.* and *K.S.* cases, in both of which this Court held that the failure to provide notice under section 211.462.2 was reversible error. *See* 545 S.W.3d at 929; 539 S.W.3d at 906.

---

[2] Specifically, the circuit court entered its judgment on July 11, 2024. "Generally, a trial court loses the power to amend a judgment 30 days after entry, when it becomes final." *Int. of K.S.*, 539 S.W.3d at 906 n.5. On August 12, 2024, the date the judgment became final, Father filed a *pro se* notice of appeal and a motion to proceed *in forma pauperis*. On September 11, 2024, pursuant to an order of this Court, the circuit court appointed counsel to represent Father.

Father's reliance on termination-of-parental-rights authorities under chapter 211, however, is unavailing. The instant case is an adoption case under chapter 453. "Chapter 453 does not speak to termination of parental rights; rather, it authorizes adoption without consent or with consent that has the effect of terminating parental rights." *In re Adoption of C.M.B.R.*, 332 S.W.3d 793, 806 (Mo. banc 2011), *abrogated on other grounds by S.S.S. v. C.V.S.*, 529 S.W.3d 811 (Mo. banc 2017). "When a person alleges that consent of the parent is not required for the adoption under section 453.040, the statutory mandates of chapter 211 are irrelevant to the chapter 453 proceeding unless specifically cross-referenced and mandated by chapter 453." *Id.* "However, if the prospective parents plead termination of parental rights under chapter 211 in a chapter 453 petition, all statutory requirements for chapter 211 must be met for each chapter 211 claim." *Id.*

Father asserts that "[Guardian] filed a petition to terminate Father's parental rights and to adopt [Child] . . . ." This assertion is false. Guardian's petition did not seek adoption by way of a termination-of-parental-rights claim. *See* section 453.040(8) (stating that the consent to adoption is not required of "[a] parent whose rights to the child may be terminated for any of the grounds set forth in section 211.447 and whose rights have been terminated after hearing and proof of such grounds as required by sections 211.442 to 211.487" and "[s]uch petition may be filed as a count in an adoption petition"). Guardian's petition, rather, alleged that Father's consent to the adoption was not required under section 453.040(7). That statute provides "[t]he consent to the adoption of a child is not required of . . . [a] parent who has abandoned a child as described in [section 211.447.2(2)(b)] or [section 211.447.5(1)(b)][.]" Section 453.040(7). Of these two cross-references to section 211.447, only the latter is relevant in this case because Guardian's allegation was that Father "willfully, substantially and continuously neglected to

3

provide [Child] with necessary care and protection, all for a period of time exceeding six months immediately prior to the filing of this petition . . . ." *See* section 211.447.5(1)(b) (containing similar language). Because section 453.040(7), unlike section 453.040(8), lacks any cross-reference to section 211.462—the termination-of-parental-rights statute upon which Father relies—section 211.462 is not relevant to this adoption proceeding. *See **C.M.B.R.***, 332 S.W.3d at 806.

In her brief, Guardian identifies a chapter 453 statute pertaining to the right to counsel, which specifically states:

> A birth parent, including a birth parent less than eighteen years of age, shall have the right to legal representation. In addition, the court may appoint an attorney to represent a birth parent less than eighteen years of age if:
>
> (1) A birth parent requests representation;
>
> (2) The court finds that hiring an attorney to represent such birth parent would cause a financial hardship for the birth parent; and
>
> (3) The birth parent is not already represented by counsel.

Section 453.030.11. Guardian argues, however, that this statute does not aid Father as it lacks the notice requirements found in section 211.462 and that "[t]here is simply no language in chapter 453 that requires notice to a biological parent that he/she has the right to counsel, and that one will be appointed for the parent if they cannot financially afford to employ counsel, and that the summons contain that notice."

Because Father's initial brief does not cite or rely on section 453.030, nor did Father file a reply brief addressing Guardian's aforementioned argument, we are prevented from addressing these matters. "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal . . . ." Rule 84.13(a).[3] It is not the duty of this court to become an advocate

---

[3] Rule references are to Missouri Court Rules (2024).

4

for Father and develop a claim of error for him.  Rather, "[t]he trial court's judgment is presumed valid and the burden is on the appellant to demonstrate its incorrectness." ***Bowles v. All Counties Inv. Corp.***, 46 S.W.3d 636, 638 (Mo.App. 2001) (internal quotation marks omitted). Father's point is premised only on section 211.462 and fails to demonstrate reversible error on that basis for the reasons already discussed.

Accordingly, Father's sole point is denied and the circuit court's judgment is affirmed.

BECKY J. WEST, J. – OPINION AUTHOR

MARY W. SHEFFIELD, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS